IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID WILKERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **03-377-MJR** |
| | ) | |
| **ROSALINA GONZALES,** | ) | |
| **MARGARET BRIAN, MS. PULLY,** | ) | |
| **GUY PIERCE, PHILLIP MARTIN,** | ) | |
| **and DONALD SNYDER, JR.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is Plaintiff's Second Combined Motion to Amend and Supplement Complaint.  **(Doc. 61)**.  Plaintiff tendered a proposed amended complaint with his motion.

Plaintiff's claim as set forth in his original complaint is that, while he was incarcerated at Lawrence Correctional Center, Dr. Gonzalez refused to give him appropriate pain medication, refused to give him an adequate wheelchair, failed to treat his urinary tract infection, and, in general, failed to manage his health problems correctly.  He also alleges that the other defendants, Pully (the ADA coordinator), Pierce (the warden), Martin (Director of Nursing) and Snyder (Director of IDOC) ignored and/or denied his requests for adequate medical care. Plaintiff states that he is making claims under 42 U.S.C. §1983, the ADA, and the Rehabilitation Act, along with a non-specific conspiracy claim.  He also states that he is making state law claims for medical malpractice and official misconduct.

The Court granted plaintiff's first motion for leave to amend, and instructed him that an

amended complaint must set forth all claims which he intends to pursue.  The Court cautioned that "If plaintiff's amended complaint does not comply with the requirements of this Order, it will be stricken."  **See, Doc. 23**.  Plaintiff filed an amended complaint which does not comply with this standard, and therefore must be stricken.

The Court has reviewed the proposed second amended complaint.  Most of the document describes medical care received by plaintiff since he was transferred to Big Muddy Correctional Center in January, 2005.  Although the second amended complaint mentions a new claim that relates back, the second amended complaint does not set forth any such new claim.  Plaintiff does not set forth any new claim arising out of the care received at Big Muddy; in fact, it appears that plaintiff approves of that care, and is using it to illustrate the substandard nature of the treatment he received at Lawrence.  However, the proposed amended complaint suffers from the same inadequacy as the first amended complaint, i.e., it does not set forth plaintiff's claims.

The Court will permit plaintiff to try again.  Mr. Wilkerson should carefully read and follow these directions:

All claims against all defendants must be contained in the amended complaint.  The amended complaint must stand alone.  It is not a supplement to or a continuation of the original complaint.  An amended complaint is a new complaint that takes the place of the old complaint, and every claim against every defendant must be stated in the amended complaint.  A defendant who is not named in the amended complaint will be dismissed.  A claim that is not set forth in the amended complaint will be deemed to be abandoned.  <u>In short, if it isn't stated in the amended complaint, it is not part of plaintiff's case.</u>

Upon consideration and for good cause shown, Plaintiff's Second Combined Motion to Amend and Supplement Complaint **(Doc. 61)** is **GRANTED as follows:**

The previously -filed amended complaint **(Doc. 37)** is stricken.

Plaintiff is granted leave to file an amended complaint on or before **May 23, 2005.**

**IT IS SO ORDERED.**

DATE: April 25, 2005.

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**
